United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREW MAGSUMBOL,<br><br>    Defendant. | Case No. 12-4221 SC<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO VOLUNTARILY DISMISS |

Plaintiff AF Holdings LLC ("Plaintiff") filed its first amended complaint ("FAC") naming Defendant Andrew Magsumbol ("Defendant") in this copyright infringement matter on December 6, 2012. ECF No. 12. Defendant answered the FAC on January 8, 2013, ECF No. 8, and then moved to require that Plaintiff, a foreign corporation, post a $73,875 undertaking to cover Defendant's costs and fees per California Code of Civil Procedure section 1030, ECF No. 20. The Court set a hearing date for March 15, 2013, on that motion, and has not yet ruled on it.

Plaintiff now asks the Court to grant a voluntary dismissal of its claims without prejudice, "in light of the recent orders by Courts in the Northern District requiring Plaintiff to post an

undertaking of nearly $50,000" in AF Holdings v. Trinh, No. 12-cv-02393-CRB (N.D. Cal. 2012) and AF Holdings v. Navasca, No. 12-cv-2396-EMC (N.D. Cal. 2012). ECF No. 35 ("Pl.'s MTD") at 1-2. Plaintiff argues that requiring it to post an undertaking would be too expensive "simply in order [for Plaintiff] to proceed with its claims against a single infringer" in what Plaintiff considers "a routine digital infringement case." Id. at 2. Moreover, Plaintiff's counsel is currently attempting to withdraw from this matter, and Plaintiff "cannot currently find alternative counsel -- and does not wish to expend effort and money to do so." Id.

Under Federal Rule of Civil Procedure 41(a)(2), the Court may dismiss this action at Plaintiff's request, on terms the Court considers proper. The Court declines to do so. Plaintiff brought this case knowing the rules of this jurisdiction and the risks of litigation, and now he seeks dismissal of his case without prejudice so that he can bring it another day. Plaintiff's reasons for requesting dismissal are not compelling. Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: February 25, 2013

UNITED STATES DISTRICT JUDGE

2