IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>ANDREW MAGSUMBOL,<br><br>      Defendant. | Case No. 12-4221 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REQUIRE UNDERTAKING PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 1030 |

## I.   INTRODUCTION

Now before the Court is Defendant Andrew Magsumbol's ("Defendant") motion to require undertaking.  ECF No. 20 ("Mot."). Defendant's Motion asks the Court to require Plaintiff AF Holdings, LLC ("Plaintiff"), a foreign corporation, to post an undertaking with the Court pursuant to California Code of Civil Procedure section 1030.  See id.  The motion is fully briefed, ECF Nos. 32 ("Opp'n"), 33 ("Reply"), and appropriate for resolution without oral argument, Civ. L.R. 7-1(b).  For the reasons explained below, the Court GRANTS Defendant's Motion.

///
///
///

## II. DISCUSSION

Though there is no provision of the Federal Rules of Civil Procedure relating to security for costs, "federal district courts have the inherent power to require plaintiffs to post security for costs." Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994). In exercising this power, federal district courts follow the forum state's practice regarding security for costs, an especially common occurrence when a non-resident party is involved. Id.

Section 1030 of the California Code of Civil Procedure allows for an undertaking "to secure an award of costs and attorney's fees," which may be awarded if (1) "the plaintiff resides out of state or is a foreign corporation" and (2) "there is a reasonable possibility that the moving defendant will obtain judgment in the action . . . ." The purpose of this statute is to "enable a California resident sued by an out-of-state resident to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction . . . [and] prevent out-of-state residents from filing frivolous lawsuits against California residents." AF Holdings LLC v. Navasca, No. C 12-2396 EMC, 2013 WL 450383, at *2 (quoting Alshafie v. Lallande, 171 Cal. App. 4th 421, 428 (Cal Ct. App. 2009) (internal quotation marks omitted)).

There is no dispute in this matter that Plaintiff is a foreign corporation, as alleged in Plaintiff's own First Amended Complaint: "[Plaintiff] is a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis." ECF No. 12 ("FAC") ¶ 2. Nor is there a dispute that Defendant is a

2

California citizen. Id. ¶ 4. The only remaining issues to consider are the possibility of Defendant obtaining judgment in this action, and the Ninth Circuit's guidance on the imposition of bonds.

California Code of Civil Procedure section 1030 requires only that there be a "reasonable possibility" that the moving defendant will obtain judgment in the action. This is a relatively low bar. See, e.g., Navasca, 2013 WL 450383, at *2. Here, Defendant argues that Plaintiff's evidence supporting its infringement claim is weak. Mot. at 8-12. This Court and others have held repeatedly that Plaintiff's core allegations of infringement -- mere association of Defendant's Internet Service Provider subscription information with the Internet Protocol address linked to the allegedly infringed file -- is insufficient to establish that the subscriber was the person who allegedly infringed copyright. See, e.g., Navasca, 2013 WL 450383, at *2-3; SBO Pictures, Inc. v. Does 1-3036, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011). Plaintiff provides no additional details to indicate that Defendant himself actually infringed the file at issue here, despite its surprising assertion that it possesses such details but chose not to describe them in its reply brief or complaint. See Reply at 8-9. Plaintiff's other arguments all involve attempts to place on Defendant a higher burden of proof than he has under the law. The Court finds that Defendant has shown a reasonable possibility of obtaining judgment.

Therefore, following this Court's rulings in previous, almost-identical cases, the Court will require Plaintiff to post an undertaking in this matter. See Navasca, 2013 WL 450383 at *4; AF

Holdings v. Trinh, No. 12-02393 CRB, 2012 U.S. Dist. LEXIS 161394, at *3 (N.D. Cal. Nov. 9, 2012). The only remaining question is whether the amount of the undertaking Defendant requests is appropriate. In Trinh, for example, this Court required an undertaking of $48,000 in costs and fees after determining that the originally requested undertaking of $88,000 was excessive because Defendant's counsel's proposed fees were not reasonable given Defendant's characterization of the case as frivolous and simple. 2012 U.S. Dist. LEXIS 161394 at *3.

In this case, Defendant's counsel expects to incur $73,875 in costs and fees, estimating about 293 hours of work at a $250 per hour billing rate. Mot. at 17. The Court finds the requested amount excessive. Defendant's counsel's estimation of the total hours he might spend on this case is unreasonably high, especially since he is, by now, an old hand in these matters. The Court concludes, in line with its previous decisions, that a total undertaking of $48,000 is appropriate. That amount is comprised of a lodestar of $37,500, calculated by multiplying Defendant's counsel's $250 per hour billing rate by an estimated 150 hours of work, plus Defendant's estimated $10,500 in costs.

In granting Defendant's motion, the Court is cognizant of Plaintiff's concerns about having to post an undertaking each time it attempts to pursue a copyright infringement claim. See Reply at 4. However, the Court finds unconvincing Plaintiff's protestations that copyright infringement cases frequently take place in other courts without the "special disadvantage" of plaintiffs being required to post undertakings. See id. Plaintiff is not presently in one of those other courts, and in this Court, undertakings for

foreign corporations may be required under California law.

### III. CONCLUSION

For the reasons explained above, the Court GRANTS Defendant Andrew Magsumbol's Motion to Require an Undertaking. Plaintiff AF Holdings, LLC is required to post an undertaking of $48,000 with the Court within thirty (30) days of this Order's signature date, or this action may be dismissed with prejudice.

IT IS SO ORDERED.

Dated: March 18, 2013



UNITED STATES DISTRICT JUDGE