1   Nicholas Ranallo, Attorney at Law (275016)
    371 Dogwood Way
2   Boulder Creek, CA 95006
    (831) 703-4011
3   nick@ranallolawoffice.com

4   *Attorney for Defendant*

5

6                   IN THE UNITED STATES DISTRICT COURT FOR THE

7                        NORTHERN DISTRICT OF CALIFORNIA

8

9   AF HOLDINGS LLC,                    )     **No. 3:12-CV-04221-SC**
                                        )
10                                      )
                                        )
11              Plaintiff,              )     **DEFENDANT'S CASE MANAGEMENT**
                                        )     **CONFERENCE STATEMENT**
12          v.                          )
                                        )
13  ANDREW MAGSUMBOL                    )     Date:   May 31, 2013
                                        )     Time:   10:00 a.m.
14                                      )     Judge: Honorable Samuel Conti
                                        )     Courtroom: 1- 17th Floor
15              Defendant.              )     File Date: August 9th, 2012
                                        )     Trial Date:  None Set
16  _____     )

17          **DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT**

18          Defendant Andrew Magsumbol hereby submits this Case Management Conference
19  Statement.[1]

20  **1.      Jurisdiction and Service**

21  *The basis for the court's subject matter jurisdiction over Plaintiff's claims and defendant's*

22  *counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any*

23  *parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

24      Andrew Magsumbol:

25          Mr. Magsumbol does not dispute that personal jurisdiction is appropriate.   Defendant

26  likewise agrees that this court generally has subject matter jurisdiction over copyright claims.

27  _____

28  [1] Defendant was unable to obtain responses from AF Holdings, though Defense counsel has spoken with Mr. Goodhue.
    Mr. Goodhue has requested that the Case Management Conference currently set for May 31, 2013 be rescheduled and
    defendant will not object.  Out of an abundance of caution, Defendant has nonetheless completed this report.

## 2.      Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Andrew Magsumbol:

Defendant is accused of copyright infringement based on the alleged use of BitTorrent to download a particular work.  Mr. Magsumbol has denied downloading or otherwise sharing the work, and has provided evidence that he was not even home at the time of the alleged infringement. Moreover, Mr. Magsumbol denies that Plaintiff actually holds the copyrights to the work that forms the basis of the instant suit.  Indeed Alan Cooper, the individual whose signature appears on the assignment in the instant case, has denied under oath that he has any affiliation with AF Holdings or that he executed the assignment in this case.  This forgery, among other issues, recently led to the Central District of California imposing monetary sanctions on a number of individuals associated with Prenda Law and AF Holdings, and referring the relevant individuals to their respective state bar associations, the IRS CID, and the U.S. District Attorney for the Central District of California. Nonetheless, as of this date, AF Holdings refuses to dismiss its Mr. Magsumbol with prejudice.

## 3.      Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Andrew Magsumbol:  Defendant does not concede that Plaintiff has even stated a prima facie case of copyright infringement against him.  Plaintiff has put forth literally no facts to support the inference that Andrew Magsumbol is the infringer of its client's copyrights, instead relying on formulaic recitation of the elements of a copyright cause of action and conclusory statements that Mr. Magsumbol infringed the particular work at issue.

Moreover, as described above, Defendant has significant questions regarding Plaintiff's standing to pursue the instant action.  The assignment to AF Holdings, in light of the recent information regarding Alan Cooper, seems especially suspect.  Defendant has genuine concerns that AF Holdings is not the real party in interest in the present suit, and has not received sufficient rights to confer standing.  Mr. Magsumbol likewise believes that Plaintiff's continued prosecution of this matter represents sanctionable behavior.

**4.     Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

      Andrew Magsumbol:

      On August 24, 2012, Plaintiff applied ex parte for an order authorizing  early discovery to identify the subscriber associated with IP address 69.181.141.228 at a particular   time.   On September 18, 2012, this court granted Plaintiff's application.   On December 6, 2012, Plaintiff moved this court to continue the initial case management conference.  This too was granted.

      On January 8, 2013, Defendant filed an answer in this matter. On January 28, 2013, Defendant filed a motion to require an undertaking, pursuant to this court's inherent authority and the forum state's bon statute – C.C.P. §1030.  This motion was granted on March 18, 2013, and allowed Plaintiff 30 days to post an undertaking or face dismissal with prejudice.  The 30 days has no passed, and Plaintiff has not posted the required undertaking.  In addition, on February 22, 2013, Plaintiff filed a motion to dismiss the instant action without prejudice.  This motion was denied on May 25, 2013.   Should it prove necessary after Plaintiff has new counsel, as described below, Defendant will file a motion to dismiss this action for failure to pay.  Defendant hopes that further motion practice will be unnecessary to secure dismissal, in light of this court's prior orders.

      On January 29th, Plaintiff's counsel Brett Gibbs filed a motion to substitute Paul Duffy as counsel and, on January 30th, filed an amended motion requesting the same.    This motion was denied on February 8, 2013 (ECF No. 31, entered 2/11/13).  On February 27, 2013, Mr. Gibbs filed another motion to withdraw as attorney in favor of Paul Duffy (ECF No. 37).  Then, on March 8, 2013, Plaintiff sought to substitute Steven James Goodhue for Brett Gibbs as attorney of record in this matter.  The various motions regarding Plaintiff's counsel are scheduled to be heard on May 31, 2013, though Mr. Goodhue has now requested to continue this date.  Defendant hopes that whenever AF Holdings secures counsel in this matter it will promptly dismiss the defendant.

**5.     Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

      <u>Andrew Magsumbol</u>:  Should this case progress any further, Defendant may explore the option of amendment to include counterclaims.

**6.     Evidence Preservation**

*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of emails, voice mails, and other electronically-recorded material.*

Defendant is aware of his obligation to retain evidence until the completion of this matter and will continue to comply until final judgment.

**7.     Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

      <u>Andrew Magsumbol</u>:  Neither side has exchanged initial disclosures in this matter.

**8.     Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modification of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

      <u>Andrew Magsumbol</u>:   Plaintiff previously conducted discovery prior to the Rule 26 conference pursuant to order of the court.  There has been no further discovery, nor should any discovery be necessary.

**9.     Class Actions**

*If a class action, a proposal of how and when the class will be certified.*

      <u>Andrew Magsumbol</u>:  N/A

**10.    Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

  <u>Andrew Magsumbol</u>:  N/A


**11.    Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

  <u>Andrew Magsumbol</u>:   Mr. Magsumbol will seek to recover his costs and attorney fees pursuant to Copyright Act §505.


**12.    Settlement and ADR**

*Prospects for settlement ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

  <u>Andrew Magsumbol</u>:   The parties have selected ENE, though the ADR proceedings have been indefinitely postponed pending the outcome of motions to dismiss, etc.


**13.    Consent to Magistrate Judge For All Purposes**

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

  <u>Andrew Magsumbol</u>: Not Applicable

DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT  No. 3:12-CV-04221-SC

**14.     Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

     <u>Andrew Magsumbol</u>: Not Applicable


**15.     Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial and any request to bifurcate issues, claims, or defenses.*

     <u>Andrew Magsumbol</u>: The only remaining issues should be dismissal, attorney fees, and potential sanctions.


**16.     Expedited Schedule**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement.*

     <u>Andrew Magsumbol</u>: Not Applicable

**17.     Scheduling**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

     <u>Andrew Magsumbol</u>:  For the reasons outlined herein, Defendant has not proposed specific dates for trial, etc.  Defendant will file a motion for dismissal shortly after Plaintiff retains counsel, should it become necessary.  Should the court desire, Defendant can promptly propose such dates.


**18.     Trial**

*Whether the case will be tried to a jury to the court and the expected length of the trial.*

     <u>Andrew Magsumbol</u>:  Not Applicable

**19.     Disclosure of Non-Party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations, including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

     <u>Andrew Magsumbol</u>:  Defendant has certified that there are no other parties with an interest in defendant.

**20.     Other Matters**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

     <u>Andrew Magsumbol</u>:  Not Applicable


DATED:  May 24, 2013



                              By:_s/Nicholas Ranallo_____

                              Nicholas Ranallo
                              371 Dogwood Way
                              Boulder Creek, CA 95006
                              (831) 703-4011
                              nick@ranallolawoffice.com
                              *Attorney for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on May 24, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

<u>/s/</u>  Nicholas Ranallo

DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT        No. 3:12-CV-04221-SC