Steven James Goodhue (Bar No. 109179)
The Law Offices of Steven James Goodhue
2265 Broadway, #7
San Francisco, CA 94115
Telephone: (408) 214-9500
Facsimile: (480) 214-9501
E-mail: sgj@sjgoodlaw.com

*Attorney for Plaintiff*

Brett L. Gibbs, Esq. (SBN 251000)
38 Miller Avenue, #263
Mill Valley, CA 94941
415-381-3104
brett.gibbs@gmail.com

*Outgoing Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW MAGSUMBOL <br><br> Defendant. | No. **3:12-CV-04221-SC** <br><br> **DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date:   May 31, 2013 <br> Time:   10:00 a.m. <br> Judge: Honorable Samuel Conti <br> Courtroom: 1- 17th Floor <br> File Date: August 9th, 2012 <br> Trial Date:  None Set |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff AF Holdings,LLC, by and through its counsel of record, hereby submit this Case Management Conference Statement pursuant to the Court's ADR Scheduling Order, and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

---

[1] Per L.R. 16-9, a joint statement could not be attained for technical reasons alone.  As stated by Defendant in a separate Statement filed earlier today, attempts were made, but, in the end, no joint Statement was achieved. Originally, Mr. Goodhue was trying to work with Mr. Ranallo to put together a joint Statement, but apparently Internet access and other technical issues on the side of Mr. Goodhue prevented this from happening.  In the end, Mr. Ranallo then filed

### 1. Jurisdiction and Service:

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights).

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, Defendant resides in Northern California.

### 2. Facts:

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. Defendant is an alleged copyright infringer of Plaintiff's works. Plaintiff alleges that, without authorization, Defendant used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others.

### 3. Legal Issues:

Plaintiff believes that it states a *prima facie* case for copyright infringement.

### 4. Motions:

On August 24, 2012, Plaintiff applied ex parte for an order authorizing early discovery to identify the subscriber associated with IP address 69.181.141.228 at a particular time. On September 18, 2012, this court granted Plaintiff's application. On December 6, 2012, Plaintiff moved this court to continue the initial case management conference. This too was granted.

---

Defendant's Statement. In light of that, Plaintiff's attorney decided to submit a separate statement. Plaintiff's attorneys and Mr. Ranallo have talked several times today, and both groups decided that this was the best way to handle things considering today's issues. The attorney apologize to the Court for any inconvenience this may have caused.

Additionally, Mr. Goodhue has requested that the Case Management Conference currently set for May 31, 2013 be rescheduled and defendant will not object. Out of an abundance of caution, both parties decided to still submit their separate reports.

On January 8, 2013, Defendant filed an answer in this matter. On January 28, 2013, Defendant filed a motion to require an undertaking, pursuant to this court's inherent authority and the forum state's bon statute – C.C.P. §1030. This motion was granted on March 18, 2013, and allowed Plaintiff 30 days to post an undertaking or face dismissal with prejudice. The 30 days has no passed, and Plaintiff has not posted the required undertaking. In addition, on February 22, 2013, Plaintiff filed a motion to dismiss the instant action without prejudice. This motion was denied.

On January 29, Plaintiff's counsel Brett Gibbs filed a motion to substitute Paul Duffy as counsel and, on January 30th, filed an amended motion requesting the same. This motion was denied on February 8, 2013 (ECF No. 31, entered 2/11/13). On February 27, 2013, Mr. Gibbs filed another motion to withdraw as attorney in favor of Paul Duffy (ECF No. 37). It was again denied. Then, on March 8, 2013, Plaintiff sought to substitute Steven James Goodhue for Brett Gibbs as attorney of record in this matter. The various motions regarding Plaintiff's counsel are scheduled to be heard on May 31, 2013, though Plaintiff's attorney, Mr. Goodhue, is now requesting to continue this date.

**5. Amendment of Pleadings:**

Nothing further expected.

**6. Evidence Preservation:**

Plaintiff and its agents are aware of such a duty.

**7. Disclosures:**

Neither side has exchanged initial disclosures in this matter.

**8. Discovery:**

There has been no further discovery in this case except for Plaintiff's *Ex Parte Discovery*.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

///

**11. Relief:**

At this point, Plaintiff appears unable to post the undertaking. Plaintiff's attorneys anticipate this case will be dismissed in the near future for failure to post this amount.

**12. Settlement and ADR:**

The parties have selected ENE, though the ADR proceedings have been indefinitely postponed pending the outcome of the various motions.

**13. Consent to Magistrate Judge For All Purposes:**

Not applicable.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

The remaining issue is the whether the Court will dismiss this case in light of the bond not being posted. All attorneys anticipate that this will happen.

**16. Expedited Schedule:**

Not applicable.

**17. Scheduling:**

Considering the above, both parties do not believe that scheduling is appropriate at this time considering this case is likely to be dismissed.

**18. Trial:**

None discussed. Should the Court require a scheduling, the attorneys will meet and confer and come up with an agreeable date.

**19. Disclosure of Non-Party Interested Entities or Persons:**

None filed.

///

///

///

**20. Other Matters:**

None.

DATED: May 24, 2013

Respectfully Submitted,

By:   /s/  Steven James Goodhue, Esq.

Steven James Goodhue (SBN 109179)
The Law Offices of Steven James Goodhue
2265 Broadway, #7
San Francisco, CA 94115
Telephone: (408) 214-9500
Facsimile: (408) 214-9501
E-mail: sgj@sjgoodlaw.com
*Attorney for Plaintiff*

By:   /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
38 Miller Avenue, #263
Mill Valley, CA 94941
415-381-3104
brett.gibbs@gmail.com

5

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT   No. C-11-04221 SC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 24, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.